Jonathan G. Gabriel, Esq., SBN 140381
Jeffrey Alpert, Esq., SBN 165997
LAW OFFICES OF JONATHAN G. GABRIEL
16311 Ventura Blvd., Ste. 970
Encino, California 91436
Telephone: (818) 906-3700
Facsimile: (818) 906-2142

Attorneys for Plaintiff,
OSKAR SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSKAR SYSTEMS, LLC, A WASHINGTON LIMITED LIABILITY COMPANY, Plaintiff, | ) Case No. 2:09-cv-3854 AHM (SHx) |
| v. | ) ~~(Proposed)~~ **STIPULATED PROTECTIVE ORDER** |
| CLUB SPEED , INC., a California Corporation; ERIC NOVAKOVICH, an individual; POLE POSITION RACEWAY, INC., a California Corporation; P2R KARTING, INC., a California Corporation; KEN FAUGHT, an individual; JASON WILLIAMS, an individual; and DOES 1-10, INCLUSIVE; Defendants. | ) |

Based upon the Parties' stipulation, and good cause appearing, the Court hereby orders as follows:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The Court accepts the parties acknowledgements that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential, and, as set forth in Section 10, below, this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c). The parties contemplate that such information includes, without limitation, information that would cause competitive injury to a party if said information were made public or revealed to a competitor, such as trade secrets, technical data, confidential research,

development and manufacturing information, and financial and marketing information relating to the parties' respective products and technology. Confidential Information or Items shall not include information in the public domain and/or documents that have been submitted to any governmental entity without request for confidential treatment.

   2.4 <u>"Highly Confidential- Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

   2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

   2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

   2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential-Attorneys' Eyes Only."

   2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

   2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

   2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

   2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

   2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or

a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulated Order covers not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings): That the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b) For testimony given in deposition or in other pretrial or trial proceedings: That the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days from receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by

the court reporter, who must affix to the top of each such page the legend "'CONFIDENTIAL" or "'HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) For information produced in some form other than documentary, and for any other tangible items: That the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHL Y CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

5.3 Inadvertent Failures to Designate: If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 Designations for Pretrial Only. The designations made under this protective order and the legends used to make those designations are for pretrial purposes only. The failure to challenge a designation or the submission of a designated document to the Court shall not be held to be an admission that a designated document or thing is or was confidential.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must being the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. Upon request, Designating Parties are obligated to meet and confer within a reasonable amount of time. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention: A Party that elects to press challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rules 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitle under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at location and in a secure manner that ensures that access is limited to the persons authorized and under this Order.

The restrictions on the use or disclosure of Confidential Information established by this Protective Order apply only to a party receiving such information from another party or a non-party. A party is free to use its own information as it pleases. Furthermore, nothing in this Protective Order shall prohibit the use or disclosure of any Confidential Information otherwise subject to this Protective Order for any purpose if the party who designated such information as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," consents to such use or disclosure.

Nothing in this Protective Order shall prevent or otherwise restrict outside counsel from rendering advice to their respective clients and, in the course thereof, relying generally on Confidential Information; provided, however, that in rendering such advice counsel shall not disclose, reveal or describe any such materials except insofar as may be permitted under the terms of this Order.

Nothing in this Protective Order shall prohibit the disclosure of Confidential Information contained in a document to the author or a recipient of the Confidential Information.

7.2  Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as supporting personnel employed or retained by said Counsel to whom it is reasonably necessary to disclose the information for this litigation, such as paralegals, translators, secretaries, clerks, stenographers or videographers, document copying or scanning services, data entry or data processing staff, graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings, and non-technical jury or trial consulting services, including mock jurors, retained by counsel;

(b) ten designated officers and employees of plaintiff and ten designated officers and employees of defendants, which may include House Counsel, and their respective secretarial and clerical personnel, to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) and their supporting personnel (1) to whom disclosure is reasonable necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to

whom disclosure is reasonably necessary for this litigation; and

(f) the author or a recipient of the document.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as supporting personnel employed or retained by said Counsel to whim it is reasonably necessary to disclose the information for this litigation, such as paralegals, translators, secretaries, clerks, stenographers or videographers, document copying or scanning services, data entry or data processing staff, graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings, and non-technical jury or trial consulting services, including mock jurors, retained by counsel ;

(b) Experts (as defined in this Order) and their supporting personnel (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(e) the author or a recipient of the document.

7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts":

(a) Unless otherwise ordered by the court or agreed in writing by

the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume or *curriculum vitae*, (3) identifies the Expert's current employers(s), (4) identifies each person or entity from whom the expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert, unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try and resolve the matter by agreement. Upon request, Designating Parties are obligated to meet and confer within a reasonable amount of time. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in the court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. LIMITATIONS ON USE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Maters, (c) inform the person or persons to

whom unauthorized disclosures were made of all terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial in this action and may testify concerning all Confidential Information of which such person has prior knowledge. Without in any way limited the generality of the foregoing:

(a) A present director, officer, employee or agent of a producing party, or a person offered as Rule 30(b)(6) deponent of a producing party may be examined and may testify concerning all Confidential Information which has been produced by that party;

(b) Other non-parties may be examined or testify concerning any documents containing Confidential Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party;

(c) If a part wishes to use the other party's Confidential Information at the deposition of a witness who is not otherwise entitled to have access to such information under this Order, such party shall obtain the consent of the producing party in advance, and the failure to obtain such consent shall not be used by the examining attorney as grounds for delaying the deposition or progress of the deposition unless all parties attending the deposition consent;

(d) Where Confidential Material may be used at a deposition or revealed or referred to in a question at a deposition, the producing party may request that any person other than the witness, his or her attorney(s), or any person qualified to receive Confidential Information under this Order shall be excluded from the portion of the examination concerning such information. If the witness is

represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the producing party may required the attorney to provide a signed statement, substantially in the form of Appendix A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Confidential information disclosed during the course of the examination.

Absent agreement of the parties in writing, no copy of any deposition which is designated, in part or whole, as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be furnished by the court reported to any person not authorized to receive such information under this Protective Order, except that a transcript may be furnished to counsel for a non-party, if furnished transcript is of the non-party's own deposition.

Nothing in this Order shall prohibit the transmission or communication of Confidential Information between or among qualified recipients:

a) by hand-delivery

b) in sealed envelope or containers via email or an established freight, delivery or messenger service; or

c) by telephone, facsimile, e-mail or other electronic transmission system; where, under the circumstances, there is reasonable likelihood that the transmission will not be intercepted or misused by any person who is not a qualified recipient.

10. FILING PROTECTED MATERIAL. Without ~~written permission from the Designating Party or~~ a court order secured after appropriate notice to all interested person, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. NONPARTYY USE OF THIS PROTECTIVE ORDER

A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order.

A nonparty's use of this Protective Order to protect its Confidential Information does not entitle that nonparty access to Confidential Information produced by any party in this case.

12. FINAL DEPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" include all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above

13. PRIVILEGED INFORMATION. Nothing in this Order shall require disclosure of material that a party contends is protected from disclosure by the attorney-client privilege or work product doctrine or any other applicable privilege. Any party may move the Court for an Order directing the disclosure of such material as appropriate. See Hartford Fire Ins. Co. v. Garvey, 109 F.R.D. 323, 331-32 9N.D.Cal. 1985).

14. DISCOVERY RULES REMAIN UNCHANGED. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Centreal District of California.

15. PROSECUTION BAR. Any person receiving information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not prepare or prosecute any patent application on behalf of any party to this action concerning any technology related to any apparatus for or any apparatus for from the time of receipt of such information through and including one (1) year following the termination of this litigation. This paragraph shall not be construed, however, to prevent such persons from generally discussing patents or applications concerning any technology related to either and/or with other persons engaged in the prosecution or preparation of new patent applications relating to such technology, provided that no information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be directly or indirectly disclosed to such other persons.

16. MISCELLANEOUS

16.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16.2 Right to Assert Other Objection. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing r producing any information or item on any ground not addressed in this

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any other material covered by this Protective Order.

16.3 Trade Secret Disclosure. The parties presently disagree how the confidentiality of the Trade Secret List in this case is to be governed, and the matter is the subject of a pending motion. The confidentiality of the Trade Secrets List shall be governed as the Court specifically directs.

IT IS SO ORDERED.

Dated:

BY: ______________________________
United States District Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of ________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on __________________, 2007, in *Oskar Systems, LLC v. Club Speed, Inc., et al.*, Case No. CV 09-3854.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I understand that I am to retain all copies of any materials that I receive which have been designated "Highly Confidential – Attorneys' Eyes Only" or "Confidential" in a manner sufficient to secure the confidentiality of such materials from all others, including any co-worker, employees, supervisors, agents or other acquaintances, except as permitted by this Order. I specifically agree to maintain such materials in a manner consistent with the Protective Order, and all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon all copies are to be returned or destroyed as specified in the Order. I acknowledge that the return of or subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination of the Consolidated Action.

Date: ______________________

City and State where sworn and signed: ______________________________

Printed Name: __________________________
[printed name]

Signature: ______________________________
[signature]