Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
Oskar Systems, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSKAR SYSTEMS, LLC, a Washington Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLUB SPEED, INC., a California Corporation; ERIC NOVAKOVICH, an individual; POLE POSITION RACEWAY, INC., a California Corporation; P2R KARTING, INC., a California Corporation; KEN FAUGHT, an individual; JASON WILLIAMS, an individual; and DOES 1-10, INCLUSIVE.<br><br>　　　　Defendants. | Case No. CV09-03854 AHM (SHx)<br><br>**PLAINTIFF'S RESPONSES TO THE POLE POSITION DEFENDANTS' OBJECTIONS TO CERTAIN EVIDENCE SUBMITTED BY PLAINTIFF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing**:<br>Date:　July 26, 2010<br>Time:　10:00 a.m.<br>Ctrm:　14 |

　　Plaintiff Oskar Systems, LLC ("Oskar") submits these responses to Pole Position Raceway, Inc.'s, P2R Karting, Inc.'s, Ken Faught's and Jason Williams' (the "Pole Position Defendants") objections to certain evidence submitted with Oskar's opposition to the Pole Position Defendants' Motion for Summary Judgment.

Rutan & Tucker, LLP
attorneys at law

2118/101730-0002
1106109.01 a07/20/10

-1-

Case No. CV09-03854 AHM (SHx)
OSKAR SYSTEMS LLC'S RESPONSES TO OBJECTIONS TO EVIDENCE

I.  **OBJECTIONS TO DECLARATION OF ALEJANDRO S. ANGULO AND CERTAIN EXHIBITS THERETO**

| Testimony | Pole Position Defendants' Objections | Oskar's Response to Objections |
|---|---|---|
| 1. Paragraph 7, Ex. D at 78:12-79: 22; 80:18-81: 25 and 88:2-18 | Hearsay (Fed. R. Evid. 801, 802.) | Given that The Pole Position Defendants have included a significant amount of testimony in its objection no. 1, it is difficult to understand exactly what The Pole Position Defendants are objecting to. To the extent they are objecting to Mr. Fenech's statements regarding his and Mr. Williams' efforts to create a "clone copy" of the Oskar software, such statements are not hearsay because they are admissions by a party-opponent. Fed. R. Evid. 801(d)(2). Moreover, even if these statements are hearsay, they would be admissible as an exception to the hearsay rule under Rule 804(b)(3), because the statements are "statements against interest."<br><br>Likewise to the extent Defendants are claiming that Mr. Novakovich's statement that he was aware of the fact that Boyd had a clone of the Oskar software in his office (see, pg. 4, lines 18-22 of the Objections), the statement is clearly not hearsay, because it is simply Mr. Novakovich making a statement that he was aware that Mr. Boyd had a clone of the Oskar server in his office. Mr. Novakovich did not testify that he knew of the clone only because someone told him about it. |

Rutan & Tucker, LLP
attorneys at law

2118/101730-0002
1106109.01 a07/20/10

-1-

Case No.  CV09-03854 AHM (SHx)
OSKAR SYSTEMS LLC'S RESPONSES TO OBJECTIONS TO EVIDENCE

| | | |
|---|---|---|
| 2. Paragraph 7, Ex. D at 84:21-85:17; 86:24-87:18. | Protected settlement communication (Fed. R. Evid. 408; Cal. Evid. Code § 1119(a); Cal. Evid. Code § 1119(c)). | The Pole Position Defendants seek to exclude evidence that defendants Faught and Williams, in discussing with Mr. Novakovich a proposed settlement agreement regarding a state court action between the Pole Position Defendants and Mr. Novakovich, admitted that they knew there had been copying of the Oskar software, and threatened to tell Mr. Conte of Oskar as well as law enforcement officials. However, to the extent the statements were made in compromise negotiations, they were not negotiations in this action. Thus, the statements were not made in compromise negotiations relating to the claim in this case. Rule 408 provides that statements made in compromise negotiations regarding a claim are not admissible to prove liability *on that claim*. Oskar does not believe Rule 408 precludes the evidence here, and the Pole Position Defendants have not cited any authority for their position.<br><br>Nor are the statements rendered inadmissible by sections 1119(a) or (c) of the California Evidence Code because there is no indication that the statements were made in or in connection with a mediation.<br><br>Moreover, Oskar submits it would be against public policy to exclude such statements, because it is generally recognized that it is improper to make threats of criminal prosecution to gain an advantage in a |

Rutan & Tucker, LLP
attorneys at law

2118/101730-0002
1106109.01 a07/20/10

-2-

Case No. CV09-03854 AHM (SHx)
OSKAR SYSTEMS LLC'S RESPONSES TO
OBJECTIONS TO EVIDENCE

| Testimony | Pole Position Defendants' Objections | Oskar's Response to Objections |
|---|---|---|
| | | civil matter. For example, Rule 5-100 of the California Rules of Professional Conduct recognizes that an attorney may not make such threats. |
| 3. Paragraph 8, pg. 3: 12-25, and Exhs. E and F. | (a) Lacks foundation (Fed. R. Evid. 602; (b) improper authentication (Fed. R. Evid. 901) | The Pole Position Defendants object to a legal brief (Exhibit E) and a declaration (Exhibit F) filed in the state court action between the Pole Position Defendants and Eric Novakovich, among others, on the grounds that they lack foundation and have not been authenticated. It cannot reasonably be disputed that "the matter in question is what its proponent claims." Fed. R. Evid. 901(a).<br>Moreover, if the Court deems it necessary, it can and should take judicial notice of the court filings. *See, e.g., Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002). |

## II. THE POLE POSITION DEFENDANTS OBJECTIONS TO CERTAIN PORTIONS OF THE DECLARATION OF FELIX LIVNI.

| Testimony | Pole Position Defendants' Objections | Oskar's Response to Objections |
|---|---|---|
| 1. Paragraph 6: "The work from which the deposit code was taken to submit to the copyright office includes the source code that formed the basis for Dr. Locke's opinions that there is substantial evidence | Best Evidence Rule. (Fed. R. Evid. § 1002.) | As set forth in Oskar's Opposition, the registration of the derivative work supports an infringement claim relating to an earlier version of the Oskar software. *See, e.g.*, Opp. Memo., pg. 3, ll. 8-16. Nonetheless, apparently, Defendants would require that Oskar submit the entire code from which the deposit materials were taken (which would consist of |

Rutan & Tucker, LLP
attorneys at law

2118/101730-0002
1106109.01 a07/20/10

-3-

Case No. CV09-03854 AHM (SHx)
OSKAR SYSTEMS LLC'S RESPONSES TO OBJECTIONS TO EVIDENCE

| | | |
|---|---|---|
| 1  of copying." | | approximately 150,000 lines of code) in addition to the code it produced of the earlier version of the computer program and then required the Court to compare the two. |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | With good reason, particularly in cases involving computer software programs, courts have rejected Defendants' argument.  For example, in *Data General Corporation v. Grumman Systems Support,* 803 F.Supp 487, 490 (D. Mass. 1992), cited in Oskar's Opposition, the Court held that the "registered copyright protects the intangible versions of the [computer program] regardless of the tangible medium in which [the computer program] was registered or expressed.  The software program [] – not the source code version of [the program] – is the protected work."  *See also Midway Mfg. v. Artic Int'l, Inc.*, 211 U.S.P.Q (BNA) 1152, 1158 (N.D. Ill. 1981)("it is the work that cannot be copied or incorporated and not the specific tangible expression on file in the Copyright Office.")  Oskar is not required to submit the entire source code to the Court to defeat Defendants' Motion for Summary Judgment.  *See Data General,* 803 F.Supp. at 491 (rejecting defendants' arguments that the Court must analyze the source code to determine whether defendant infringed the material actually |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Rutan & Tucker, LLP
attorneys at law

2118/101730-0002
1106109.01 a07/20/10                 -4-                 Case No.  CV09-03854 AHM (SHx)
OSKAR SYSTEMS LLC'S RESPONSES TO OBJECTIONS TO EVIDENCE

| | | |
|---|---|---|
| | | registered). Mr. Livni's Declaration establishes that he has personal knowledge of the Oskar software, including the updates and modifications made to it over the years, including the code from which the deposit copy was taken. Mr. Livni also reviewed a redacted version of Dr. Locke's Report to determine what areas of similarity Dr. Locke found in Defendants' code, and stated that the code that was copied remains in the code from which the deposit material was taken. Defendants have cited no authority for their position that Oskar must submit the entire code. |
| 2. Paragraph 7: "The code we produced included the source code that formed the basis for Dr. Locke's opinions that there is substantial evidence of copying." | Best Evidence Rule. (Fed. R. Evid. § 1002.) | Again, Defendants apparently would seek to require Oskar to submit and the Court to compare the entire source code that was produced (which would consist of approximately 150,000 lines of code) to the entire code as it existed when Defendants copied it. <br><br> This is not required, particularly here where overwhelming evidence of copying has been presented. *See Data General Corporation v. Grumman Systems Support,* 803 F.Supp 487, 490 (D. Mass. 1992)(rejecting Defendants' attempt to require "strict documentary proof to satisfy the copying element.") The "registered copyright protects the intangible versions of the [computer program] regardless of |
Rutan & Tucker, LLP
attorneys at law

2118/101730-0002
1106109.01 a07/20/10              -5-

Case No. CV09-03854 AHM (SHx)
OSKAR SYSTEMS LLC'S RESPONSES TO
OBJECTIONS TO EVIDENCE

| | | | |
|---|---|---|---|
| | | | the tangible medium in which [the computer program] was registered or expressed. The software program [] – not the source code version of [the program] – is the protected work." *See also Midway Mfg. v. Artic Int'l, Inc.*, 211 U.S.P.Q (BNA) 1152, 1158 (N.D. Ill. 1981)("it is the work that cannot be copied or incorporated and not the specific tangible expression on file in the Copyright Office.") |
| | 3. Paragraph 8: "Therefore, defendants themselves apparently still have the Oskar software." | Lacks foundation. (Fed. R. Evid. 602.) | Defendants did not object to Mr. Livni's statement that defendants never returned the Oskar software, but Defendants object to Mr. Livni's follow-up statement that defendants apparently still have the Oskar software. Oskar concedes that Mr. Livni cannot state with certainty that Defendants still have the Oskar software, but believe Mr. Livni laid a proper foundation to state that defendants "apparently" still have the software. |
| | 4. Paragraph 9: "Based on Dr. Locke's report, however, it appears that the persons who created defendants' software, copied the Oskar software." | Lacks foundation. (Fed. R. Evid. 602; Hearsay. (Fed. R. Evid. 801, 802); Improper opinion. (Fed. R. Evid. 702.) | This statement by Mr. Livni merely follows other statements (to which Defendants did not object) that a computer programmer could create software to perform the functionality of the Oskar software without copying the Oskar code. Mr. Livni is an experienced software programmer, and has laid a proper foundation to state his belief that Dr. Locke's report shows copying. Additionally, because Mr. Livni's statement itself is not purporting to opine on the issue of copying, the statement |

Rutan & Tucker, LLP
attorneys at law

2118/101730-0002
1106109.01 a07/20/10

-6-

Case No. CV09-03854 AHM (SHx)
OSKAR SYSTEMS LLC'S RESPONSES TO OBJECTIONS TO EVIDENCE

| | | is not hearsay and it does not constitute opinion testimony. Finally, even if it does constitute opinion testimony, based on his declaration, Mr. Livni is qualified to render such opinion as to what Dr. Locke's report shows. |
|---|---|---|

In light of the foregoing, Oskar respectfully submits that The Pole Position Defendants' Objections should be overruled in their entirety.

Dated:  July 20, 2010

RUTAN & TUCKER, LLP
RONALD P. OINES
ALEJANDRO S. ANGULO

By:   /s/ Ronald P. Oines
Ronald P. Oines
Attorneys for Plaintiff
Oskar Systems, LLC

2118/101730-0002
1106109.01 a07/20/10

-7-

Case No.  CV09-03854 AHM (SHx)
OSKAR SYSTEMS LLC'S RESPONSES TO OBJECTIONS TO EVIDENCE