O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3854 AHM (SHx) | Date | October 20, 2010 |
|---|---|---|---|
| Title | OSKAR SYSTEMS, LLC v. CLUB SPEED, INC. *et al*. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

The parties are familiar with the procedural background of this Motion for Attorneys' Fees[1] filed by the Pole Position Defendants. For the following reasons, and applying the *Fogerty* factors, the Court **GRANTS** Defendants' motion, but in an amount considerably less than they requested.

Legal Standard

The Copyright Act states that "the court may award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Plaintiff concedes the Pole Position Defendants are the prevailing party. Pl.'s Opp. at 3. Once a court decides which is the "prevailing party," there are five factors for courts to consider in determining whether to then award attorneys' fees. "These factors are (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Wall Data Inc. v. Los Angeles County Sheriff's Dept*., 447 F.3d 769, 787 (9th Cir.2006). "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorneys fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified." *Id.*

---

[1] Docket No. 164.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3854 AHM (SHx) | Date | October 20, 2010 |
|---|---|---|---|
| Title | OSKAR SYSTEMS, LLC v. CLUB SPEED, INC. *et al*. | | |

1. <u>Degree of Success</u>

There is no reasonable dispute that the grant of summary judgment provided complete recovery to the Pole Position Defendants.

2. <u>Frivolousness</u>

The Court granted summary judgment to the Pole Position Defendants on two grounds. The first was that Plaintiff lacked standing to sue for alleged infringement that occurred before the CSI assets were assigned to it and, in any event, the assignment was deficient. The Court ruled for the Pole Defendants on this issue, citing a 2007 decision of Judge Snyder (*Lanard Toys Ltd. v. Novelty, Inc.*, 511 F. Supp. 2d 1020, 1033 (C.D. Cal. 2007) and Nimmer on Copyright § 12.02 [B]. These precedents and authorities were established before not only the filing of the summary judgment motion on June 21, 2010, but before the filing of the complaint on May 29, 2009, so Plaintiff may be deemed to have had notice of them. Yet most of the attorneys' fees that Defendant seeks to recover were incurred after the Pole Defendants moved for summary judgment. Not until the August 26, 2010 hearing on the summary judgment motion did Plaintiff even mention that it would rely on a second assignment meant to cure the defect in the initial assignment that had left it without standing. That didn't work; as the Court noted, in none of the cases that Plaintiff relied on for filling the gap that way had the plaintiff waited until after the expensive and time-consuming exchange of summary judgment papers had been completed, and in none of them had the Court not only reviewed those papers, but also issued a lengthy tentative order.

The second ground for the grant of summary judgment was that the Plaintiff's copyright registration was defective. The Court noted that the registration certificate, which was issued on February 17, 2009, stated that the work was completed in 2002, but the source code actually submitted in support of that application was a version that existed in late 2008. Not until July 2, 2010 - - after Defendants had moved for summary judgment - - did Plaintiff file supplemental paperwork with the Copyright Office claiming that the particular work registered was actually a derivative work that was based on an original work that had been created in 2002. The Court rejected that contention for

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3854 AHM (SHx) | Date | October 20, 2010 |
|---|---|---|---|
| Title | OSKAR SYSTEMS, LLC v. CLUB SPEED, INC. *et al*. | | |

the reasons set forth in the August 26, 2010 Order. In so ruling, the Court noted that even the supplemental registration of July 2, 2010 failed to identify the precise work or works from which it was derived.

Given the high standard for establishing frivolousness, the positions that the Plaintiff asserted on the two issues that led to the grant of summary judgment were not frivolous, but they surely were unfounded. On balance, this factor is in equipoise, but that hardly helps Plaintiff.

3.  Motivation

The record is not sufficiently complete or clear to attribute an invidious motive to the Plaintiff, and the Court does not accept the Defendants' contention that the September 2006 letter from Mr. Danglard to Mr. Conte is proof of this. See Defs.' Mot. at 5-6. This factor is therefore neutral.

4.  Reasonableness of losing party's legal and factual arguments

As noted above, Plaintiff's prior contentions were not reasonable. Now, in opposing the award of attorneys fees, Plaintiff relies primarily on the notion that it may have been able to prove copying had the case proceeded to trial. That notion is utterly immaterial. Defendants prevailed on a defense that did not address the merits of the claim of infringement. Attorneys' fees are not impermissible merely because the defendant prevails on such a defense; the prevailing defendant does not have to go beyond that and prove non-copying. *See, e.g., Mattel Inc. v. Walking Mtn. Productions*, 353 F.3d 792, 816 (9th Cir. 2003) (award of attorneys' fees may be appropriate for successful fair use defense, which could have furthered the purposes of the Copyright Act). This factor favors Defendants.

5.  The need to advance considerations of compensation and deterrence

This factor also favors the award of fees. "Under the Copyright Act, the question is whether a successful defense of the action furthered the purposes of the [Copyright] Act, not whether a fee award would do so." *Mattel Inc.*, 353 F.3d at 816. Because Plaintiff ought not to have pursued this action, especially after Plaintiff was put on notice

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3854 AHM (SHx) | Date | October 20, 2010 |
|---|---|---|---|
| Title | OSKAR SYSTEMS, LLC v. CLUB SPEED, INC. *et al.* | | |

that its claim of infringement would not survive as framed, an award of fees is warranted. The Copyright Act has as one of its purposes the "promotion of Progress of Science and Useful Arts" by providing encouragement to others (*i.e.*, non copyright holders) "to build freely upon the ideas and information conveyed by a work." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349-50 (1991). Software developers and businesses relying on software cannot afford to have obstructions placed in their path by claims of infringement that lack a reasonable chance of success because all along the plaintiff could not establish standing or another necessary element of infringement.

Three of the above five factors warrant an award of fees, and none militates against such an award. Accordingly, the Court turns to the amount of the award.

Amount of the Award

The amount requested by the Pole Position Defendants is $324,229.41. Plaintiff disputes whether any award is warranted but in any event seeks a reduction of $32,881.50 of that amount.

The Court does not agree with the Plaintiff that the amount Defendants spent in moving to dismiss for lack of prosecution and the amount sought for preparing and pursuing the *ex parte* application for a trial continuance should be excluded. However, of the $26,973.50 for "getting up to speed," the Court reduces that category of fees by 15 percent, to $22,927.48, because there was an indisputable overlap of time and ensuing inefficiency given that prior counsel was replaced. That would leave a sum of $320,183.39.

At the hearing on this motion, there was a colloquy concerning whether the Court should exercise its discretion to reduce that amount because of "equitable" considerations. There is sound authority allowing the Court to do so. *E.g.*, *Lucky Break Wishbone Corporation v. Sears Roebuck & Co.*, 2010 WL 1391358, *4 (9th Cir. 2010); *Coles v. Wonder*, 283 F.3d 798, 804 (6th Cir. 2002). ("Our decision is bolstered by the fact that the district court exercised its discretion by reducing the award significantly, based upon equitable concerns.") Here, certain "equitable concerns" are present. First of all, the Pole Defendants are not "blameless victim[s] . . . ." *Berkla v. Corel Corporation*, 302 F.3d 909, 924 (9th Cir. 2002). Plaintiff adduced considerable evidence

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3854 AHM (SHx) | Date | October 20, 2010 |
|---|---|---|---|
| Title | OSKAR SYSTEMS, LLC v. CLUB SPEED, INC. *et al*. | | |

in its summary judgment opposition papers that strongly suggested that Defendants were actively involved in exploiting - - to the point of apparent copying - - the Oskar software. (There is no issue as to whether they had access to it.) Regardless of whether there was downright copying, furthermore, it is pretty clear that the Pole Defendants reaped huge revenues (more than $28 million, according to Plaintiff's evidence) from their allegedly infringing software. Next, Plaintiffs seem to have a valid point in claiming that the Pole Position Defendants later began to create a replacement for the Speed Street software because of this very lawsuit. Angulo Decl., Ex.A, pp.16-17. Finally, this Court never ruled on the merits of the six motions *in limine* that the Pole Position Defendants filed, and thus has no basis to find that the positions Plaintiff advocated as to those motions were unfounded.

Accordingly, it would be unfair to award the full $320,183.39 in attorneys' fees. The Court finds that that amount should be reduced by 1/3. Therefore, the amount awarded to the Pole Position Defendants is $213,455.60.

_____  :  _____

Initials of       se
Preparer